UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
|---|---|---|---|
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **The Court DENIES Plaintiff's motion to remand**

Before the Court is a motion to remand filed by Plaintiff Dennis Hull ("Plaintiff"). *See* Dkt. # 20 ("*Mot.*"). Defendants Mars Petcare US, Inc. and Mars, Inc. ("Defendants") oppose the motion, *see* Dkt. 27 ("*Opp.*"), and Plaintiff timely replied, *see* Dkt # 29 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DENIES** Plaintiff's motion.

I.  Background

From 1993 to 2001, Defendants employed Plaintiff as a "non-exempt, hourly-paid employee" in their pet care products business. *See Defendants' Notice of Removal*, Dkt. # 1 ("*NOR*"), Ex. A (Complaint) ¶ 4 ("*Compl.*"). Over the years, Plaintiff worked several positions, eventually rising to the role of Maintenance Mechanic, where he maintained and repaired "all of the machines in Defendants' plant." *Id.*

On March 28, 2018, Plaintiff filed this putative class action in San Bernardino County Superior Court, asserting causes of action under the California Business and Professions Code for unfair and unlawful business practices and under the California Labor Code for failure to pay minimum and overtime wages, failure to timely pay wages upon termination, and failure to provide uninterrupted rest and meal periods. *See id.* ¶¶ 23–32. Plaintiff proposes a California class consisting of "all persons who worked for Defendants as non-exempt, hourly-paid employees . . . within four years prior to the filing of this complaint until the date of trial." *Id.* ¶ 35.

On May 5, 2018, Defendants removed to this Court, asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *NOR* ¶ 5. To satisfy CAFA requirements, Defendants asserted that minimal diversity exists between Plaintiff, a citizen of California, and Defendants,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

both incorporated in Delaware and with principle places of business in Tennessee and Virginia. *Id.* ¶¶ 10–13. They further alleged that the proposed class contains at least 100 members, *id.* ¶¶ 15–18, and that the amount in controversy exceeds $5 million. *Id.* ¶ 25.

Plaintiff now challenges the removal and seeks to remand the action to state court, on the grounds that Defendants "have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000" or that the minimum class size is satisfied. *Mot.* 1.

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. at 553. Additionally, the Supreme Court clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
|---|---|---|---|
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 550. Ultimately, the defendant bears the burden of proving that the amount is met. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

III. <u>Discussion</u>

The Court will first consider whether Defendants' notice of removal contained a plausible allegation that CAFA requirements were satisfied, and then move on to the evidence submitted by the parties. *See Dart Cherokee*, 135 S. Ct. at 553.

Plaintiff argues that Defendants "fail to provide any numbers for the class size or the amount in controversy." *Mot.* 4. Instead, "Defendants emptily claim that all requirements are satisfied, without any plausible assertion providing figures" to justify CAFA jurisdiction. *Id.* First, Plaintiff contends that Defendants have failed to plausibly allege a class size of at least 100. *See id.* 5. However, as Defendants' opposition notes, Plaintiff's own complaint alleges a class size "estimated to be greater than one hundred (100) individuals." *NOR* ¶ 15; *see also Compl.* ¶ 39. Defendants state that they currently employ over 100 individuals who fit Plaintiff's proposed class description, and that they have employed additional employees over the past four years (the time window of Plaintiff's putative class). *See NOR* ¶¶ 16–17. The Court finds Defendants' claim, along with Plaintiff's own assertion, sufficiently plausible to satisfy the CAFA class size requirement.

Plaintiff also argues that Defendants fail to "even attempt to demonstrate that the $5 million amount in controversy is met." *Mot.* 5. In support, Plaintiff cites to *Dart Cherokee*, 135 S. Ct. at 554, in which the Supreme Court required a plausible allegation in the notice of removal regarding the amount in controversy. *See Mot.* 5. That case is inapposite, however, as the Court went on to state that "defendants may simply allege or assert that the jurisdictional threshold has been met," and that "evidence establishing the amount is required by § 1446(c)(2)(B) *only when* the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added). Here, Defendants expressly allege that "the aggregated amount in controversy for the putative class exceeds $5,000,000.00." *NOR* ¶ 24. As with the class size requirement, the Court finds this sufficient to state a plausible claim for CAFA jurisdiction.

However, as Plaintiff now contests the sufficiency of the class size and amount in controversy elements, the Court must determine whether the amount in controversy requirement and class size requirements have been satisfied by a preponderance of the evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
|---|---|---|---|
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

Plaintiff argues that Defendants' NOR is "devoid of any evidence" and "lacks any calculations" to support removal jurisdiction. *Mot.* 1, 4. Specifically, he contends that "Defendants fail to demonstrate, by a preponderance of the evidence, that CAFA's requisite class size and amount in controversy requirements are satisfied." *Id.* 4. In opposition, Defendants provide evidence and calculations to support their claims. *See generally Opp.*

A. <u>Class Size</u>

Defendants begin with an explanation of their class size calculation, based on Plaintiff's description of the purported class as well as their own applicable payroll records. *See Opp.* 7. By counting their "current and former, hourly-paid, non-exempt associates during the relevant time period," they determine that the proposed class potentially includes "315 persons, well in excess of the 100 member requirement under CAFA." *Opp.* 7; *Declaration of Brian Smith*, Dkt # 27–2, ¶ 4; *Declaration of Marylou Felix,* Dkt. # 27–1, ¶ 6; *Declaration of Kevin Taylor,* Dkt. # 27–3 ("*Taylor Decl.*"), ¶ 7. Plaintiff does not challenge this calculation. *See generally Reply.* Accordingly, the Court determines that Defendants have provided sufficient evidence of class size.

B. <u>Amount in Controversy</u>

Next, Defendants provide the calculations used to satisfy the required $5 million amount in controversy. *See Opp.* 9–19.

   i.  *Minimum Wages and Unpaid Overtime Compensation*

Defendants' minimum wage and overtime calculations are based on Plaintiff's assertion that a "company-wide policy and/or practice" required "Plaintiff and class members [to] carry a radio *at all times* in order to respond to calls from supervisors and management." *Id.* 10 (quoting *Compl.* ¶ 45) (emphasis in original). Due to this policy, Defendants "systematically failed to pay Plaintiff and class members for actual hours worked during unpaid unpaid meal periods because these hours were not always recorded." *Compl.* ¶ 54. Defendants argue that, based on the broad language of Plaintiff's allegations, they "could have assumed a 100% violation rate" for minimum wages, with one violation occurring during each work shift. *Opp.* 11. In support, they cite a recent decision by this Court, in which it found a defendant "could utilize a 100% violation rate" where putative class members "were required to carry radios and/or pagers at all times." *Alvarez v. Office Depot, Inc.,* No. CV 17-7220-PSG-AFMx, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017). The Court reasoned that the radio/pager carry requirement effectively required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
|---|---|---|---|
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

employees to be on-duty at all times, without complete relief of duty during rest and meal times; such is also the case here. *Id.*

Plaintiff argues that such reasoning allows for "arbitrary violation rates . . . not supported by the complaint," and argues that the evidence provided by Defendants is insufficient to calculate actual minimum wages and overtime pay. *Reply* 4?5, 7. He points to cases in which courts have found that calculations based on the "all material times" language in the complaint were insufficient to support an assumption that violations occurred during "every single day, week, or pay period." *Id.*; *see also Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPx), 2016 WL 81473, at *3 (C.D. Cal. Jan. 7, 2016); *Ibarra*, 775 F.3d at 1199; *Garibay v. Arschstone Cmtys. LLC*, 539 F. App'x. 763, 764 (9th Cir. 2013) (finding that a mere declaration providing the number of employees, pay periods, and hourly wages without reasoning as to why such calculations were proper was insufficient to support CAFA jurisdiction). In all of those cases, however, the courts rejected the defendants' arguments because they were based on assumptions "pulled out of thin air." *Garcia*, 2016 WL 81473, at *3. Here, Plaintiff's own allegations regarding the radio policy give substance to a 100% violation assumption, because employees were allegedly required to carry a radio at all times, during all shifts. *See Compl.* ¶ 52.

Plaintiff urges that, because Defendants have only provided the total number of work weeks, without data on shift lengths, it is unclear which shifts met the requisite length to warrant overtime pay. *See id.*; *see also Smith v. Diamond Resorts Mgmt., Inc.*, EDCV 15-2477-VAP (SPx), 2016 WL 356020, *3 (C.D. Cal. Jan. 29, 2016). As Defendants point out, the Central District, as well as others, has approved a once-a-week assumption for minimum and overtime wages where the plaintiffs alleged that violations were "regular" or "consistent." *See Reyes v. Carehouse Healthcare Center, LLC*, No. SACV 16-01159-CJC (MRWx), 2017 WL 2869499, at *3–4 (C.D. Cal. July 5, 2017)(assumption of one hour of overtime per week appropriate given allegation of "regular" violation); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM (JCx), 2011 WL1790123, at *6–7 (C.D. Cal. May 9, 2011) (holding that one hour of overtime per class member per week was reasonable given allegation of "consistent" failure to pay overtime); *Quintana v. Claire's Stores, Inc.*, No. 13-0368 PSG, 2013 WL 1736671, at *5 (N.D. Cal. Apr. 22, 2013) (holding it was reasonable to assume "each class member had at least one hour of overtime per week" for amount in controversy calculation). Using this benchmark, Defendants, too, calculate an estimate of one hour of minimum wage per week. *See Opp.* 12–13. The Court therefore finds it reasonable to adopt an assumption that each employee could have worked at least one full-time shift a week capable of accruing overtime. Using this one-hour-a-week estimate, Defendants multiply that number by the total weeks worked (36,464) weeks worked, at an average hourly pay for potential class members ($20.12), to reach a total of $1,102,671.00 in unpaid overtime, and $735,114.00 for unpaid minimum wages. *See Opp.* 13. As Plaintiff also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
|---|---|---|---|
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

seeks liquidated damages equal to unpaid minimum wages, Defendants add an additional $735,114.00 in liquidated damages, totaling $1,470,228. *Id*. The total amount in controversy for Plaintiff's unpaid wages claims, then, is $2,572,899.

### ii. Unpaid Meal and Rest Periods

Under California law, an employer must authorize an uninterrupted meal period of at least thirty minutes for every work shift over five hours, as well as a ten minute rest period for every four hours worked. *See* Cal. Lab. Code §§ 512(a), 226.7. During such periods, an employee must be relieved of all duty. *Id.* § 512(a). Plaintiff alleges that Defendants did not pay the required penalties when such rest periods were not provided. *See Compl*. ¶¶ 59, 70. Defendants again point to *Alvarez*, arguing that a 100% violation assumption is permissible, and that "a conservative assumption of 60% is reasonable." *Opp.* 15; *see also Alvarez*, 2017 WL 5952181, at *3. Defendants thus adopt an assumption of three missed rest periods and meal periods each week. *See Opp.* 16. By multiplying three violations of each type per week with 36,464 weeks worked, at $20.12 per hour average pay, Defendants calculate that the total missed meal and rest break premiums would amount to $4,410,686. *Id.*

Plaintiff argues that "despite having records," Defendants provide no evidence of how many shifts worked actually qualified for meal and rest breaks. *Reply* 6. He notes that even Defendants' expert admits that "he was asked to assume" a violation rate of three per week in his calculations, without explaining why that number would be reasonable. *Taylor Decl.* ¶¶ 15, 16; *see also Reply* 7. Plaintiff argues that the lack of shift length data makes it impossible to determine whether a given shift was even "long enough to qualify for meal and rest breaks." *Reply* 7. He cites to *Smith*, where the court found that, without actual evidence of shift length, it was "unclear how many of the total shifts in question were of sufficient length to mandate the provision of meal and rest periods." *Id.* (quoting *Smith*, 2016 WL 356020, at *3) (internal quotations omitted). The Court disagrees. Courts in this district routinely find a 60% assumption reasonable where, as here, the alleged violations are based on a standard policy. *See Feao v. UFP Riverside*, LLC, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *3-4 (presumption of three unpaid meal penalties and three unpaid rest break penalties reasonable); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding assumed violation rates of three meal period penalties and three rest period penalties reasonable); *Stanley v. Distribution Alternatives, Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822 (C.D. Cal. Dec. 7, 2017) (assumed violation rates of three missed rest breaks and three missed meal breaks per week reasonable). Indeed, "a removing defendant must inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove plaintiff's case for him by proving the actual rates of violation." *Bryant*, 284 F. Supp. 3d at 1150. Further, "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-18-1021 PSG (KKx) | Date | July 25, 2018 |
|---|---|---|---|
| Title | Dennis Hull v. Mars Petcare US, Inc., et al. | | |

declaration or affidavit may satisfy the burden," which Defendants have provided here. *Ray*, 2011 WL1790123, at *6.

The Court finds Defendants' calculation reasonable for purposes of establishing jurisdiction, and accepts a calculation of missed meal periods to be $2,205,343, and missed rest break periods to be $2,205,343. *See Taylor Decl.* ¶ 15. The combined total for meal and rest break violations is therefore $4,410,686.

       *iii.*    *Waiting Time Penalties and Attorneys' Fees*

For waiting time penalties, Defendants base their calculations on the assumption that 67 employees who were terminated during the relevant period, to whom waiting time penalties could apply, were unpaid for at least 30 days—incurring the maximum allowable penalty of $325,313.00. *See Opp.* 17. For attorneys' fees, they assume an "award of 25% of the amounts in controversy for unpaid overtime wages and unpaid minimum wages [$1,837,785]," amounting to $459,446. *Opp.* 18.

Because the Court has already determined that Defendants have established the overtime and meal and rest break claims total $6,983,585, it need not assess the accuracy of their waiting time penalties and attorneys' fees calculations.

IV.    Conclusion

Because the Court concludes that Defendants have demonstrated that class size exceeds 100 and that the amount in controversy exceeds the requisite $5 million threshold, the Court retains subject matter jurisdiction under CAFA. Accordingly, it **DENIES** Plaintiff's motion to remand the action to state court.

**IT IS SO ORDERED.**