UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1021-PSG (KKx)** | Date: | April 8, 2019 |
| Title: | *Dennis Hull v. Mars Petcare US, Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order Granting Stipulated Protective Order as Amended by the Court [Dkt. 42]**

The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration. The Court grants the proposed protective order with the following revisions:

1. While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings. Therefore, paragraph 1 of the protective order is amended to include the following sentence: "**Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.**"

2. Paragraph 3(d) is amended to include the following sentence: "The terms of the Protective Order do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal."

3. Paragraph 11 is stricken and replaced with the following paragraph: "A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court."

4. Paragraphs 12, 14(b), and 20 are amended to include the following sentence: "Any motion challenging a party's designation of material as Confidential Information or subject to the attorney-client privilege or work product protection, or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement)."

5. Paragraphs 13(b) and 17 are amended to include the following sentence: "Nothing in this Protective Order shall be construed as authorizing or encouraging a party to disobey a lawful subpoena or court order issued in another action."

**IT IS SO ORDERED.**

cc: United States District Judge Philip S. Gutierrez